IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FUEL AUTOMATION STATION, LLC,

       Plaintiff,                    Case No.:

v.

FRAC SHACK, INC,

       Defendant.
_____/

**COMPLAINT**

NOW COMES Plaintiff Fuel Automation Station, LLC ("FAS"), by and through its attorneys, for its Complaint against Defendant Frac Shack, Inc. ("Frac Shack") states as follows:

This action seeks to enforce a settlement agreement that ended a patent infringement lawsuit in the United States District Court for the District of Colorado in July 2019. The parties agreed to ███████████████████████████████
███████████████

**I.    The Parties**

1.    Plaintiff FAS is a limited liability company organized and existing under the laws of Michigan with a principal office at 24501 Ecorse Road, Taylor, MI, 48180.

1

2. Defendant Frac Shack is a Canadian company organized and existing under the laws of Canada with a principal office at #136, 25901—114 Ave., Acheson, Alberta, T7X 6E2, Canada.

## II. Basis for Jurisdiction and Venue

3. FAS is organized under the laws of the State of Michigan and has its principal place of business in the State of Michigan.

4. FAS is comprised of one member, Simon Group Holdings I, LLC, organized under the laws of the State of Michigan and has its principal place of business in the State of Michigan.

5. Frac Shack is a citizen of a foreign state. Frac Shack is incorporated under the laws of Canada and has its principal place of business in Canada.

6. FAS and Frac Shack agreed in the underlying settlement agreement forming the basis for this claim, discussed below, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

7. Jurisdiction is proper in this Court, pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 exclusive of interest or costs and Plaintiff's member resides in the state of Michigan, and Defendant is a

Canadian entity, resides in Canada, and has its principal place of business in Canada.

8. Venue is proper pursuant to the parties' agreement that the United States District Court for the District of Colorado shall have exclusive jurisdiction over any action to enforce, modify, or invoke the agreement and this being a claim of enforcement of the agreement. Moreover, Frac Shack has a place of business in Denver, Colorado at 999-18th Street, Suite 3400S.

### III. Background

9. FAS manufactures and provides services related to an automated frac fuel delivery system known as the Fuel Automation Station ("FAS Equipment").

10. The FAS Equipment is engineered to fuel multiple pieces of fracking equipment simultaneously, boosting operational efficiency while eliminating spills, hazards and downtime.

11. On September 9, 2016, Frac Shack sued FAS in the United States District Court for the District of Colorado alleging patent infringement for FAS's activity related to the FAS Equipment.

12. On July 24, 2018, Frac Shack also sued FAS in the United States District Court for the Southern District of Texas alleging patent infringement of a second patent for FAS's activity related to the FAS Equipment.

13. FAS alleged that it did not infringe either patent and that both patents were invalid.

14. On July 13, 2019, the parties entered into a confidential, written settlement agreement ("the Agreement") (Exhibit 1), in which the parties reached a complete settlement of the patent infringement lawsuits that had been pending in the United States District Courts for the District of Colorado and the Southern District of Texas.

15. Per the agreement, FAS ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

16. In exchange, Frac Shack ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

17. Per the Agreement, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

18. The Agreement provides in relevant part that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇



19. The Agreement provides that, ██████████████████████████████████████████████████████████████████████████████████████████████████████████████

A. Frac Shack - KVA Lawsuit

20. On March 5, 2020, FAS entered into an agreement with Ovintiv Canada ULC to sell goods and services related to the FAS Equipment and including all necessary labor, supervision, equipment, materials, transportation, and other incidentals.

21. FAS then subcontracted services of the operation of the FAS Equipment to be used on the Ovintiv site by hiring KVA Fuel Services Ltd. ("KVA") to operate the FAS Equipment.

22. On March 24, 2020, Frac Shack and its wholly owned subsidiary sued KVA in Canada for alleged patent infringement of Canadian Patent No. 2,693,567 related to KVA's operation of the FAS Equipment on Ovtiniv's well site.

23. Canadian Patent No. 2,693,567 is related through priority claims to U.S. Patent Nos. 9,346,662 and 10,029,906.

24. On information and belief, as a result of Frac Shack's Canadian lawsuit, KVA intends to seek to join FAS as a defendant in the Canadian lawsuit.

25. FAS has contacted Frac Shack's Canadian counsel and has given Frac Shack notice regarding this dispute, but no resolution could be achieved.

B. Unfounded Threats against Prospective FAS Customers

26. Frac Shack has engaged in similar conduct in the United States by threatening actual and prospective customers of FAS with patent litigation.

27. FAS entered into an agreement to lease FAS Equipment to REV Energy Services, LLC ("REV Frac").

28. Frac Shack and its attorneys called REV Frac on May 20, 2020 and threatened to sue REV Energy Services if they leased FAS Equipment from FAS.

29. As a result of this call, REV Frac decided not to lease FAS Equipment from FAS.

30. Frac Shack's threats against REV Frac were based on alleged patent infringement by FAS Equipment.

31. Frac Shack, through the Agreement, ████████████████████████ ████████████████████████████

32. ████████████████████████████████████████ Frac Shack cannot sue any downstream customers, lessees, or users, including REV Frac, or infringement of the patents named in the settlement agreement for using the FAS Equipment.

33. On information and belief, Frac Shack has made, continues to make, and intends to make additional, similar threats toward other potential FAS Equipment customers in the United States.

### IV. Count I – Declaratory Judgment that Frac Shack Cannot Sue FAS's U.S. Users or Customers Based on Patent Infringement

34. FAS incorporates all preceding paragraphs as if set forth fully herein.

35. FAS and Frac Shack entered into a written contract that ███████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████

36. FAS performed all obligations of the Agreement.

37. The Agreement ███████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████

39. Per the Agreement, ████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████

40. Per the Agreement, ████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ██████████████████████

41. Frac Shack ████████████████████████████ ██████ against REV or any other customer, lessee, or user of FAS Equipment ████████████████████████████████

42. Frac Shack has threatened a prospective lessee of FAS for patent infringement of one of the patents set forth in the Agreement.

43. That prospective lessee decided not to lease FAS Equipment from FAS based on Frac Shack's threats.

44. On information and belief, Frac Shack is making similar threats to other potential customers.

45. As a result of the facts described in the foregoing paragraphs, an actual controversy of sufficient immediacy exists between the Parties, as a result of Frac Shack's threat to sue of FAS's prospective lessee for patent infringement.

46. As a result of Frac Shack's unsupported and improper threats, FAS is entitled to a declaration and judgment by this Court that ████████████ ████████████████████████████████████████████████ ████████████████████████████████████████ such that Frac shack cannot sue any customers, lessees, or users of that FAS Equipment.

## V.  Count II - Breach of Covenant Not To Sue Clause Due to Exhaustion of Frac Shack's Patent Rights

47. FAS incorporates all preceding paragraphs as if set forth fully herein.

8

48. Once FAS agreed to provide FAS Equipment and related services to Ovintiv, ███████████████████████████████████

49. Under the theory of patent exhaustion, the FAS Equipment utilized pursuant to the contract between FAS and Ovintiv is protected from a patent infringement claim by Frac Shack.

███████████████████████████████████████████████████

███████████████████████████

███████████████████████████████████████████████████

███████████████████████████████

52. In the Agreement, ███████████████████████████████████ ███████████████████████████████████

53. Downstream operators of the FAS Equipment provided to Ovintiv cannot be liable to Frac Shack ███████████████████████████████ ███████

54. Frac Shack breached ███████████████ when it sued KVA, a downstream operator of the FAS Equipment that FAS provided to Ovtintiv.

55. Frac Shack's breach is material. Frac Shack's suit of KVA is negatively affecting FAS's relationships with its customers and business partners.

56. FAS contracted for ███████████████████████████████ ███████████

9

57. ███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████

58. Moreover, FAS has been informed that FAS will be joined into a foreign legal proceeding as a result of Frac Shack's lawsuit against KVA thereby resulting in ████████████████████████████████████████████

████████████████

59. FAS has incurred substantial and continuing damages as a result of Frac Shack's breach in an amount to be determined at trial, including incidental and consequential damages.

### VI. Count III - Breach of Covenant Not to Sue Due to Engaging FAS Via KVA Relationship

60. FAS incorporates all preceding paragraphs as if set forth fully herein.

████████████████████████████████████████████████████████████

████████████████

62. Frac Shack breached the Agreement by violating ████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████

63. KVA was acting on behalf of FAS and therefore its operation of the FAS Equipment is covered under the covenant not to sue.

64. Moreover, since KVA intends to join FAS as a party into the Canadian lawsuit, Frac Shack's suit in Canada has, at a minimum, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

65. Frac Shack's breach is material. Frac Shack's suit of KVA is negatively affecting FAS's relationships with its customers and business partners.

66. FAS contracted for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

67. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

68. Moreover, FAS has been informed that FAS will be joined into a foreign legal proceeding as a result of Frac Shack's lawsuit against KVA thereby resulting in ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

69. FAS has incurred substantial and continuing damages as a result of Frac Shack's breach in an amount to be determined at trial, including incidental and consequential damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FAS respectfully requests that the Court enter a judgment in its favor and against Defendant Frac Shack as follows:

A. A declaration that FAS's sale or lease of FAS Equipment to a customer, lessee, or other user ███████████████████████████████████████████████████████████████████████ and

B. An award to FAS to compensate FAS for Frac Shack's breach of the Agreement including, but not limited to, monetary damages, plus costs and attorney fees, and allowable interest; and

C. An Order instructing Frac Shack and Frac Shack International to dismiss the Canadian lawsuit against KVA; and

D. An award to FAS of any other and further relief that this Court deems just.

Dated: May 26, 2020

/s/ Steven Susser
Steven Susser
Alex Szypa
CARLSON, GASKEY & OLDS, PC
400 W. Maple Rd., Suite 350
Birmingham, MI 48009
Telephone: (248) 988-8360
Facsimile: (248) 988-8363
ssusser@cgolaw.com
aszypa@cgolaw.com

*Attorneys for Plaintiff Fuel Automation Station, LLC*