IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| FUEL AUTOMATION STATION, LLC, | |
| Plaintiff, | Case No.: 1:20-cv-01492-KLM |
| v. | |
| FRAC SHACK, INC., | |
| Defendant. | |

**MOTION TO REASSIGN MATTER TO
THE HONORABLE SCOTT T. VARHOLAK**

i

## TABLE OF CONTENTS

**I.  Background** ...............................................................................................1

**II.  Argument** ................................................................................................2

# TABLE OF AUTHORITIES

**Cases**

*Ogier v. Am. Nat'l Red Cross*, No. 1:17-CV-05386-MLB, 2018 U.S. Dist. LEXIS 236359, at \*3-4 (N.D. Ga. Feb. 21, 2018) ......................................................... 3, 4

*Sanchez v. Denver Urgent Care, LLC,* Case 1:13-cv-03317-RM-BNB, Doc. 16 ..... 3

*Stoddard v. Oxy United States*, No. 17-1067-JTM, 2017 U.S. Dist. LEXIS 228718, at \*2 (D. Kan. Apr. 18, 2017) ............................................................................. 4

**Rules**

D.C.COLO. LCivR 3.2 ....................................................................................... 3

D.C.COLO.LCivR 40.1. ................................................................................. 1, 2

D.C.COLO.LCivR 40.1(d)(4) ............................................................................ 3

## I.     Background

On September 9, 2016, Frac Shack, Inc. sued Fuel Automation Station, LLC ("FAS") in the United States District Court for the District of Colorado alleging patent infringement. (Case 1:16-cv-02275-STV, Doc. 30). The Honorable Scott T. Varholak presided over the case. On July 13, 2019, the parties entered into a confidential settlement agreement and dismissed the case. FAS has now sued Frac Shack for breach of that agreement. **[Complaint (Restricted), Doc. 3.]**

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████

████████

Therefore, FAS respectfully seeks to have this case reassigned to Judge Varholak for good cause shown pursuant to D.C.COLO.LCivR 40.1. Frac Shack has not yet accepted service of the Complaint but counsel for FAS has sent a copy of that Complaint to Frac Shack's headquarters as well as to Frac Shack's Canadian and United States counsel. FAS counsel has also sent a copy of this Motion to Frac Shack's US and Canadian counsel.

**II.     Argument**

D.C.COLO.LCivR 40.1 provides that civil actions are generally assigned to judicial officers by random draw. The rule further provides that "[w]ork parity shall be maintained among active district judges and among full-time magistrate judges, provided that a majority of active district judges may adjust the assignment of cases to the Chief Judge as may be necessary for the performance of the duties of that office, and *may, for good cause, approve special assignment or reassignment of cases among the judicial officers of the court*." (emphasis added).

There is good cause to have this case reassigned to Judge Varholak. While the dispute is for breach of contract and declaratory judgment, the facts are centered around allegations of infringement for the same product and the same patent (and related patents) as those in the earlier District of Colorado case. [Doc. 1, pages 3-6]. The parties have an interest in a swift and efficient resolution of this dispute. FAS respectfully submits that the swiftest and most efficient resolution would be obtained by having Judge Varholak preside as he is already familiar with the parties, the accused product, and the patent at issue.

Furthermore, the principles of judicial economy and efficiency warrant transferring this case to Judge Varholak. The parties, accused product, and patent at issue are all the same as in the case that Judge Varholak presided over for more than three years. Moreover, that case was dismissed less than a year ago. Local Rule

40.1(d)(4) provides that a new case that is related under Local Rule 3.2 to a pending case may be assigned to the same judicial officers. Related cases per Local Rule 3.2 include cases that have common facts and claims and have at least one party in common. It has been found in this District Court "that the interests of justice are best served and judicial economy is best preserved" by assigning such cases to the same judge. (*See Sanchez v. Denver Urgent Care, LLC,* Case 1:13-cv-03317-RM-BNB, Doc. 16.)

Although the earlier case here is not pending – and so the related case provision does not have direct application – the relationship of the two cases is such that they would be related were the earlier case still pending. The same principles behind the consolidation of two pending cases with the same facts and claims would apply to a no longer pending case. It would therefore be in the interests of justice, the judicial economy, and efficiency to transfer this case to Judge Varholak. *See, e.g.*, *Ogier v. Am. Nat'l Red Cross*, No. 1:17-CV-05386-MLB, 2018 U.S. Dist. LEXIS 236359, at *3-4 (N.D. Ga. Feb. 21, 2018) (transferring newly filed case to judge that presided over previous, similar case and "became familiar with the parties and legal issues involved"); *Stoddard v. Oxy United States*, No. 17-1067-JTM, 2017 U.S. Dist. LEXIS 228718, at *2 (D. Kan. Apr. 18, 2017) (granting motion to transfer because "judicial economy would be promoted by having a single judge resolve the issues surrounding such similar issues").

3

In *Ogier*, the same parties had previously litigated a case for two years in front of Judge Batten before a voluntary dismissal. *Ogier,* 2018 U.S. Dist. LEXIS 236359, at *1-2. About six months later, the plaintiff refiled the case and it was initially assigned to a different judge. *Id.*, at *2-3. The parties moved to have the new case transferred to Judge Batten as he had, "became familiar with the parties and legal issues involved in this case" and "heard arguments and ruled on substantive motions." *Id.*, at *3-4. He had also, "conducted both scheduling and status conferences with the parties wherein case issues were discussed and logistical agreements were reached" as well as been frequently involved in a lengthy discovery period. *Id.*

The same reasons support transfer here. Judge Varholak is familiar with the parties and legal issues involved in the prior case that have led to this case and that will come up in this case. He, too, has presided over the claim construction proceedings, summary judgment proceedings, and a host of discovery issues. As in *Ogier*, less than a year has passed since the dismissal of the previous case. Thus, in this case "principles of judicial economy and efficiency warrant granting the Motion." *Id.*

For these reasons, FAS moves to have this matter reassigned to Magistrate Judge Varholak.

| | |
|---|---|
| Dated: June 3, 2020 | /s/ Steven Susser<br>Steven Susser<br>Alex Szypa<br>CARLSON, GASKEY & OLDS, PC<br>400 W. Maple Rd., Suite 350<br>Birmingham, MI 48009<br>Telephone: (248) 988-8360<br>Facsimile: (248) 988-8363<br>ssusser@cgolaw.com<br>aszypa@cgolaw.com<br><br>*Attorneys for Plaintiff Fuel Automation Station, LLC* |

5