IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FUEL AUTOMATION STATION, LLC,

       Plaintiff,                    Case No.: 1:20-cv-01492-KLM

v.

FRAC SHACK, INC,

       Defendant.
_____/

## MOTION TO RESTRICT PLAINTIFF'S MOTION TO REASSIGN MATTER TO THE HONORABLE SCOTT T. VARHOLAK

On July 13, 2019, Plaintiff Fuel Automation Station, LLC and Defendant Frac Shack, Inc entered into a confidential, written settlement agreement ("the Agreement"), in which the parties reached a complete settlement of two patent infringement lawsuits that had been pending in the United States District Courts for the District of Colorado and the Southern District of Texas. This matter involves an action for breach of that Agreement. Plaintiff is filing a Motion to Reassign Matter to the Honorable Scott T. Varholak ("Reassign Motion"). Plaintiff seeks to have specific references to the Agreement in the Reassign Motion restricted from public access.

    According to D.C.COLO.LCivR 7.2,

    A motion to restrict public access shall be open to public inspection and shall:

1

> (1) identify the document or the proceeding for which restriction is sought;
> (2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);
> (3) identify a clearly defined and serious injury that would result if access is not restricted;
> (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and
> (5) identify the level of restriction sought.

The parties have an interest in preserving the confidentiality of their settlement agreement. See, e.g., *Early v. Aurora Corp. Plaza, LLC*, No. 16-cv-4174-DDC-KGG, 2017 U.S. Dist. LEXIS 127375, at *2 (D. Kan. Aug. 10, 2017) (recognizing that "the interest in preserving the result of confidential settlement negotiations outweighs the public interest in accessing the settlement agreement"). Moreover, allowing a confidential settlement agreement to become public would chill future settlement efforts. And allowing the public to see the Agreement would be further prejudicial to both parties from a business standpoint, as it could allow the parties' competitors and customers to gain access to sensitive and confidential competitor information.

Regarding alternatives to restriction, Plaintiff has filed a redacted version of the Reassign Motion for public access. But Plaintiff seeks to have the unredacted version of the Reassign Motion restricted to Level 1 restriction.

Dated: June 3, 2020       /s/ Steven Susser
           Steven Susser
           Alex Szypa
           CARLSON, GASKEY & OLDS, PC
           400 W. Maple Rd., Suite 350
           Birmingham, MI 48009
           Telephone:  (248) 988-8360
           Facsimile:  (248) 988-8363
           ssusser@cgolaw.com
           aszypa@cgolaw.com

*Attorneys for Plaintiff Fuel Automation Station, LLC*