IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01492-KLM

FUEL AUTOMATION STATION, LLC,

    Plaintiff,

v.

FRAC SHACK INC.,

    Defendant.

**FRAC SHACK INC.'S MOTION TO RESTRICT FRAC SHACK INC'S MOTION TO DISMISS TO LEVEL 1 [#14]**

Pursuant to D.C.COLO.LCivR 7.2, Frac Shack Inc. ("Frac Shack") moves to maintain Level 1 restricted access to the unredacted version of Frac Shack's Motion to Dismiss All Claims [#14] corresponding to the redacted version available as Exhibits A-J to this motion.

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................. 1

II. D.C.COLO.LCIVR 7.2 ITEMS.............................................................................. 2

    A. Identity of the Document for which Restriction Is Sought ........................... 2
    B. Interest to Be Protected and Why Such Interest Outweighs the
       Presumption of Public Access ..................................................................... 2
    C. Identity of a Clearly Defined and Serious Injury that Would
       Result if Access Is Not Restricted .............................................................. 2
    D. Explanation of Why No Alternative to Restriction (e.g.,
       Redaction, Summarization, Restricted Access to Exhibits or
       Portions of Exhibits) Is Practicable or Why Only Restriction
       Will Adequately Protect the Interest in Question ......................................... 2
    E. Identity of the Level of Restriction Sought.................................................. 3

III. CONCLUSION ................................................................................................... 3

## **TABLE OF AUTHORITIES**

**Cases**

*Colony Ins. Co. v. Burke*,
  698 F.3d 1222 (10th Cir. 2012) ................................................................................ 2
*Early v. Aurora Corp. Plaza, LLC*,
  No. 16-cv-4174-DDC-KGG, 2017 U.S. Dist. LEXIS 127375 (D. Kan. Aug.
  10, 2017) .................................................................................................................. 2
*L-3 Comm. Corp. v. Jaxon Eng'g & Maintenance, Inc.*,
  125 F. Supp. 3d 1155 (D. Colo. 2015) ..................................................................... 3

## I. INTRODUCTION

On May 26, 2020, Fuel Automation Station, LLC ("FAS") filed two complaints against Frac Shack Inc. ("Frac Shack").  [## 1 (redacted version), 3 (unredacted version filed as Level 1 restricted).]  The complaints concern a confidential July 13, 2019 contract among Frac Shack and Atlas Oil Company/FAS ("Agreement").  [#1 ¶14; *see also* Agreement, #3–1 (currently Level 1 restricted).]

Frac Shack is concurrently filing a Motion to Dismiss ("MTD") asking the Court to dismiss all counts of the Complaint, because (1) the Court lacks subject-matter jurisdiction; and/or (2) FAS has failed to show the minimum amount in controversy for original diversity jurisdiction; and/or (3) FAS has failed to state a claim upon which relief can be granted; and/or (4) the issues should be heard in a first-filed Canadian suit.  [#14.]  In order for the Court to understand the factual and legal issues—especially with respect to FAS' failure to state a breach of contract claim [*see, e.g.*, *Id.* Section III(c)]—Frac Shack must reference the terms of the Agreement, and, in a few instances, the exact language of the Agreement.

**While Frac Shack is aware that "stipulations between the parties, alone, are insufficient to justify restriction," D.C.COLO.LCivR 7.2(c)(2), because Frac Shack is currently obligated not to disclose its terms to the public, if and until the Court orders the restrictions lifted, Frac Shack filed the MTD as Level 1 restricted.**

This motion will now address the items specified in D.C.COLO.LCivR 7.2.  FAS and/or any member of the public may file a separate motion in support of, or in opposition to, maintaining the restrictions in whole or in part.  *See Id.*

## II. D.C.COLO.LCIVR 7.2 ITEMS

### A. Identity of the Document for which Restriction Is Sought

Concurrent with this motion to restrict, Frac Shack is filing an unredacted MTD as a Level 1 restricted document [#14] that corresponds to the redacted version found in Exhibit A of this motion. It is this unredacted version of the MTD that Frac Shack seeks restriction.

### B. Interest to Be Protected and Why Such Interest Outweighs the Presumption of Public Access

The Tenth Circuit "recognizes that preserving the confidentiality of settlement agreements may encourage settlement, and that denying a motion to seal [such agreements] may chill future settlement discussions." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012). This is the interest that FAS has identified as outweighing the presumption of public access. [#2 at 2 (citing *Early v. Aurora Corp. Plaza, LLC*, No. 16-cv-4174-DDC-KGG, 2017 U.S. Dist. LEXIS 127375, at *2 (D. Kan. Aug. 10, 2017).]

### C. Identity of a Clearly Defined and Serious Injury that Would Result if Access Is Not Restricted

FAS has asserted that "allowing the public to see the Agreement would be further prejudicial to both parties from a business standpoint, as it could allow the parties' competitors and customers to gain access to sensitive and confidential competitor information." [*Id.* at 2.]

### D. Explanation of Why No Alternative to Restriction (e.g., Redaction, Summarization, Restricted Access to Exhibits or Portions of Exhibits) Is Practicable or Why Only Restriction Will Adequately Protect the Interest in Question

Frac Shack has provided an alternative to complete restriction by filing Exhibits to this motion that contains: (1) a redacted version of the MTD with only the references to

the confidential terms of the contract redacted [Ex. A]; (2) unredacted exhibits to the MTD [Exs. B–I (corresponding to MTD exhibits A–H)]; and (3) a redacted version of the proposed order accompanying the MTD with only the references to the confidential terms of the contract redacted [Ex. J].  Frac Shack has attempted to be "diligent and circumspect in ensuring that no more material than necessary has been redacted," especially considering the information already disclosed in the unredacted version of the complaint. *See L-3 Comm. Corp. v. Jaxon Eng'g & Maintenance, Inc.*, 125 F. Supp. 3d 1155, 1186 (D. Colo. 2015).

### E.  Identity of the Level of Restriction Sought

Frac Shack seeks Level 1 restriction.

## III. CONCLUSION

Frac Shack puts forth this motion for the Court's consideration.  A proposed order is attached for the Court's convenience.

Dated:  August 25, 2020

Respectfully submitted,
s/ Gary J. Fischman
**Gary J. Fischman**
    FISCHMAN LAW PLLC
    710 N. Post Oak Rd. Suite 105
    Houston, Texas 77024
    Tel: (713) 900–4924
    fischman@fischmaniplaw.com

s/ Joshua S. Wyde
**Joshua S. Wyde**
    THE LAW OFFICE OF JOSHUA S WYDE
    710 N. Post Oak Rd. Suite 105
    Houston, TX 77024–3808
    Tel: (713) 482–1916
    Fax: (713)466–6563
    jwyde@wydelegal.com

Attorneys for Frac Shack Inc.

## **CERTIFICATE OF SERVICE**

While no certificate of service is required under Fed. R. Civ. P. 5(d)(1)(B), I nonetheless certify that on August 25, 2020, I electronically filed the foregoing "FRAC SHACK INC.'S MOTION TO RESTRICT FRAC SHACK INC'S MOTION TO DISMISS TO LEVEL 1 [#14]" with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

        Steven Susser        ssusser@cgolaw.com

Attorneys' of record registration with the Court's CM/ECF constitutes consent to electronic service of all pleadings or documents.  D.C.Colo.LCivR 5.2(d).

Dated:  August 25, 2020       s/ Joshua S. Wyde