# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01492-STV

FUEL AUTOMATION STATION, LLC,

    Plaintiff,

v.

FRAC SHACK INC.,

    Defendant.

## FRAC SHACK INC.'S MOTION TO RESTRICT FRAC SHACK INC'S REPLY TO RESPONSE TO MOTION TO DISMISS TO LEVEL 1

Pursuant to D.C.COLO.LCivR 7.2, Frac Shack Inc. ("Frac Shack") moves to maintain Level 1 restricted access to the unredacted version of Frac Shack's Reply to Response to Motion to Dismiss All Claims [#28] corresponding to the redacted version available as Exhibits A-B to this motion.

## **TABLE OF CONTENTS**

I. D.C.COLO.LCIVR 7.2 ITEMS ................................................................................. 1

    A. Identity of the Document for which Restriction Is Sought ........................... 1
    B. Interest to Be Protected and Why Such Interest Outweighs the
       Presumption of Public Access .................................................................... 1
    C. Identity of a Clearly Defined and Serious Injury that Would
       Result if Access Is Not Restricted .............................................................. 1
    D. Explanation of Why No Alternative to Restriction (e.g.,
       Redaction, Summarization, Restricted Access to Exhibits or
       Portions of Exhibits) Is Practicable or Why Only Restriction
       Will Adequately Protect the Interest in Question ........................................ 2
    E. Identity of the Level of Restriction Sought ................................................. 2

II. CONCLUSION ........................................................................................................ 2

# TABLE OF AUTHORITIES

**Cases**

*Colony Ins. Co. v. Burke*,
   698 F.3d 1222 (10th Cir. 2012) ................................................................................ 1

*Early v. Aurora Corp. Plaza, LLC*,
   No. 16-cv-4174-DDC-KGG, 2017 U.S. Dist. LEXIS 127375 (D. Kan. Aug.
   10, 2017) .................................................................................................................. 1

*L-3 Comm. Corp. v. Jaxon Eng'g & Maintenance, Inc.*,
   125 F. Supp. 3d 1155 (D. Colo. 2015) ..................................................................... 2

## I. D.C.COLO.LCIVR 7.2 ITEMS

### A. Identity of the Document for which Restriction Is Sought

Concurrent with this motion to restrict, Frac Shack is filing an unredacted reply [#28] to response [#19 (Level 1 restricted)] to motion to dismiss ("MTD") [#14 (Level 1 restricted)] as a Level 1 restricted document that corresponds to the redacted version found in Exhibits A–B of this motion. It is this unredacted version of the reply to response to MTD that Frac Shack seeks restriction.

### B. Interest to Be Protected and Why Such Interest Outweighs the Presumption of Public Access

The Tenth Circuit "recognizes that preserving the confidentiality of settlement agreements may encourage settlement, and that denying a motion to seal [such agreements] may chill future settlement discussions." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012). This is the interest that FAS has identified as outweighing the presumption of public access. [#2 at 2 (citing *Early v. Aurora Corp. Plaza, LLC,* No. 16-cv-4174-DDC-KGG, 2017 U.S. Dist. LEXIS 127375, at *2 (D. Kan. Aug. 10, 2017).]

Additionally, the Court has already granted motions for maintaining the confidentiality of the related briefing that this to which this reply is responding. [See #25.]

### C. Identity of a Clearly Defined and Serious Injury that Would Result if Access Is Not Restricted

FAS has asserted that "allowing the public to see the Agreement would be further prejudicial to both parties from a business standpoint, as it could allow the parties' competitors and customers to gain access to sensitive and confidential competitor information." [#2 at 2.]

### D. Explanation of Why No Alternative to Restriction (e.g., Redaction, Summarization, Restricted Access to Exhibits or Portions of Exhibits) Is Practicable or Why Only Restriction Will Adequately Protect the Interest in Question

Frac Shack has provided an alternative to complete restriction by filing Exhibits to this motion that contains: (1) a redacted version of the reply to response to the MTD with only the references to the confidential terms of the contract redacted [Ex. A]; and (2) unredacted exhibits to the reply [Ex. B (corresponding to reply Exhibit 1]. Frac Shack has attempted to be "diligent and circumspect in ensuring that no more material than necessary has been redacted," especially considering the information already disclosed in the unredacted version of the complaint, MTD, and response to MTD. *See L-3 Comm. Corp. v. Jaxon Eng'g & Maintenance, Inc.*, 125 F. Supp. 3d 1155, 1186 (D. Colo. 2015).

### E. Identity of the Level of Restriction Sought

Frac Shack seeks to maintain Level 1 restriction.

## II. CONCLUSION

A proposed order is attached for the Court's convenience.

Dated: _____September 29, 2020_____        Respectfully submitted,
　　　　　　　　　　　　　　　　　　　　　s/ Gary J. Fischman
　　　　　　　　　　　　　　　　　　　　　**Gary J. Fischman**
　　　　　　　　　　　　　　　　　　　　　　FISCHMAN LAW PLLC
　　　　　　　　　　　　　　　　　　　　　　710 N. Post Oak Rd. Suite 105
　　　　　　　　　　　　　　　　　　　　　　Houston, Texas 77024
　　　　　　　　　　　　　　　　　　　　　　Tel: (713) 900–4924
　　　　　　　　　　　　　　　　　　　　　　fischman@fischmaniplaw.com

　　　　　　　　　　　　　　　　　　　　　s/ Joshua S. Wyde
　　　　　　　　　　　　　　　　　　　　　**Joshua S. Wyde**
　　　　　　　　　　　　　　　　　　　　　　THE LAW OFFICE OF JOSHUA S WYDE
　　　　　　　　　　　　　　　　　　　　　　710 N. Post Oak Rd. Suite 105
　　　　　　　　　　　　　　　　　　　　　　Houston, TX 77024–3808
　　　　　　　　　　　　　　　　　　　　　　Tel: (713) 482–1916
　　　　　　　　　　　　　　　　　　　　　　Fax: (713)466–6563
　　　　　　　　　　　　　　　　　　　　　　jwyde@wydelegal.com

Attorneys for Frac Shack Inc.

– 3 –

## CERTIFICATE OF SERVICE

While no certificate of service is required under Fed. R. Civ. P. 5(d)(1)(B), I nonetheless certify that on September 29, 2020, I electronically filed the foregoing "FRAC SHACK INC.'S MOTION TO RESTRICT FRAC SHACK INC'S REPLY TO RESPONSE TO MOTION TO DISMISS TO LEVEL 1" with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Steven Susser | ssusser@cgolaw.com |
| Alex Szypa | aszypa@cgolaw.com |

Attorneys' of record registration with the Court's CM/ECF constitutes consent to electronic service of all pleadings or documents.  D.C.Colo.LCivR 5.2(d).

Dated:  September 29, 2020         s/ Joshua S. Wyde