# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01492-STV

FUEL AUTOMATION STATION LLC,

      Plaintiff,

v.

FRAC SHACK INC.,

      Defendant.

_____

## MINUTE ORDER
_____

Magistrate Judge Scott T. Varholak

      This civil action is before the Court *sua sponte* upon the Court's review of Plaintiff's Complaint (the "Complaint"). [#1, 3] "A federal court must in every case, and at every stage of the proceeding, satisfy itself as to its own jurisdiction, and the court is not bound by the acts or pleadings of the parties." *Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980). Accordingly, even "[i]f the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte.*" *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Because federal courts are courts of limited jurisdiction, the Court must "presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir.1999). Because Plaintiff invoked federal jurisdiction by filing its Complaint in this Court, Plaintiff bears the burden to establish the Court's

subject matter jurisdiction.  *See Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).

In the Complaint, Plaintiff contends that "[j]urisdiction is proper in this Court, pursuant to 28 U.S.C. § 1332."  [#1, ¶ 7]  Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States."  Diversity jurisdiction requires complete diversity—*i.e.*, "no plaintiff may be a citizen of the same state as any defendant."  *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).

Here, the Complaint is insufficient to establish complete diversity as it fails to adequately establish the citizenship of Plaintiff Fuel Automation Station, LLC.  The Complaint alleges that Plaintiff "is a limited liability company organized and existing under the laws of Michigan with a principal office at 24501 Ecorse Road, Taylor, MI, 48180."  [#1 at ¶ 1]  The citizenship of unincorporated entities, such as limited liability companies, is determined by looking to the citizenship of its members.  *See Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016) (holding that citizenship of an unincorporated entity is determined by considering the citizenship of all of the entity's members); *Lompe v. Sunridge Partners, LLC*, 818 F.3d 1041, 1046-47 (10th Cir. 2016) (holding that "federal courts must treat LLCs as partnerships for purposes of establishing jurisdiction").  Although Plaintiff further alleges that Plaintiff "is comprised of one member, Simon Group Holdings I, LLC, organized under the laws of the State of Michigan and has its principal place of business in the State of Michigan" [#1 at ¶ 4], that allegation is insufficient to allege the citizenship of Simon Group Holdings I, LLC—and thus the

citizenship of Plaintiff—for the purposes of the Court's diversity jurisdiction.  Because Simon Group Holdings I, LLC is an unincorporated entity, its citizenship is determined by looking to the citizenship of its members, not based upon its state of organization and principal place of business.  *See Americold Realty Trust*, 136 S. Ct. at 1015.  Thus, where the members of an unincorporated entity party are themselves unincorporated entities, the chain of membership must be traced until the chain reaches a natural person or corporation.

Accordingly, **IT IS ORDERED** that, on or before **February 18, 2021**, Plaintiff shall file a supplemental statement of jurisdiction that identifies all of the members of Simon Group Holdings I, LLC and the citizenship of those members.  To the extent any of the members of Simon Group Holdings I, LLC are themselves unincorporated entities, the chain of membership must be traced until the chain reaches a natural person or corporation.

DATED:  February 11, 2021                    BY THE COURT:

                                             s/Scott T. Varholak
                                             United States Magistrate Judge