IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01492-KLM

FUEL AUTOMATION STATION, LLC,

        Plaintiff,

v.

FRAC SHACK, INC,

        Defendant.
_____/

**JOINT MOTION TO RESTRICT ORDER (DOCUMENT 81)**

    Pursuant to D.C.COLO.LCivR 7.2, the parties hereby submit this joint motion to restrict the Court's Order [Document 81], and attach a redacted version of the Order as Exhibit 1 including the parties' redactions.

    On July 13, 2019, Plaintiff Fuel Automation Station, LLC and Defendant Frac Shack, Inc entered into a confidential, written settlement agreement ("the Agreement"), in which the parties reached a complete settlement of two patent infringement lawsuits that had been pending in the United States District Courts for the District of Colorado and the Southern District of Texas. This matter involves an action for breach of that Agreement. Plaintiff seeks to have the Order, and references to the Agreement in the Order [Document 81], restricted from public access.

    According to D.C.COLO.LCivR 7.2,

  A motion to restrict public access shall be open to public inspection and shall:

    (1) identify the document or the proceeding for which restriction is sought;

    (2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between

1

> the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);
>
> (3) identify a clearly defined and serious injury that would result if access is not restricted;
>
> (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and
>
> (5) identify the level of restriction sought.

Here, the parties seek restriction of the Court's Order denying Plaintiff's Motion for Preliminary Injunction [Document 53, 55] and granting in part and denying in part Plaintiff's Motion for Partial Summary Judgment. [Document 50, 52] Namely, the Parties seek restriction of the portions of that order that recite or refer to portions of the confidential settlement agreement. The parties have an interest in preserving the confidentiality of their settlement agreement. See, e.g., *Early v. Aurora Corp. Plaza, LLC*, No. 16-cv-4174-DDC-KGG, 2017 U.S. Dist. LEXIS 127375, at *2 (D. Kan. Aug. 10, 2017) (recognizing that "the interest in preserving the result of confidential settlement negotiations outweighs the public interest in accessing the settlement agreement"). Moreover, allowing a confidential settlement agreement to become public would chill future settlement efforts. And allowing the public to see the Agreement would be further prejudicial to both parties from a business standpoint, as it could allow the parties' competitors and customers to gain access to sensitive and confidential competitor information.

Regarding alternatives to restriction, Plaintiff has attached as Exhibit 1 a redacted version of the Order [#81] for public access.

Dated: November 24, 2021

/s/ Steven Susser
Steven Susser
Alex Szypa
CARLSON, GASKEY & OLDS, PC
400 W. Maple Rd., Suite 350
Birmingham, MI 48009
(248) 988-8360
ssusser@cgolaw.com
aszypa@cgolaw.com

*Attorneys for Plaintiff*

Respectfully Submitted,

/s/ Corby R. Vowell
Corby R. Vowell
Jeffrey D. Parks
Friedman, Suder & Cooke
604 East Fourth Street, Suite 200
Fort Worth, Texas 76102
(817) 334-0400
vowell@fsclaw.com
parks@fsclaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

      I certify that on November 24, 2021, I filed the foregoing document: Joint Motion To Restrict Order (Document 81) via the Court's ECF electronic filing system which will serve all counsel of record.

/s Steven Susser
Steven Susser
Alex Szypa
CARLSON, GASKEY & OLDS, PC
400 W. Maple Rd., Suite 350
Birmingham, MI 48009
(248) 988-8360
ssusser@cgolaw.com
aszypa@cgolaw.com

*Attorneys for Plaintiff*