IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01492-STV

FUEL AUTOMATION STATION, LLC,

      Plaintiff,

v.

Frac Shack Inc.

      Defendant.

---

## AMENDED SCHEDULING ORDER

---

## 1.  DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

*Scheduling Conference: March 30, 2021, 9:30 A.M.*

Plaintiff Fuel Automation Station, LLC:

      Steven Susser
      Alex Szypa
      Carlson, Gaskey & Olds
      400 West Maple Road, Suite 350
      Birmingham, MI 48009
      248-988-8360

Defendant Frac Shack Inc.

      Corby R. Vowell
      Jeffrey D. Parks

Friedman Suder & Cooke
604 East Fourth Street, Suite 200
Fort Worth, Texas 76102
817-334-0400

## 2.  STATEMENT OF JURISDICTION

Plaintiff's Position: The United States District Court for the District of Colorado has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiff and its members reside in Michigan, Defendant is a Canadian entity and the amount in controversy exceeds $75,000.00 exclusive of interest or costs.

Defendant's Position: Defendant moved to dismiss this action based on subject matter jurisdiction at the pleading stage. The Court denied Defendant's Motion to Disimiss.

## 3.  STATEMENT OF CLAIMS AND DEFENSES

a.  Plaintiff:

The parties entered into a confidential, written settlement agreement, in which the parties reached a complete settlement of the patent infringement lawsuits that had been pending in the United States District Courts for the District of Colorado and the Southern District of Texas. FAS then entered into an agreement with Ovintiv Canada ULC to sell goods and services related to the FAS Equipment. FAS then subcontracted services of the operation of the FAS Equipment to be used on the Ovintiv site by hiring KVA Fuel Services Ltd. ("KVA") to operate the FAS Equipment. On March 24, 2020,

Frac Shack sued KVA in Canada for alleged patent infringement of Canadian Patent No. 2,693,567 related to KVA's operation of the FAS Equipment on Ovtiniv's well site.

Frac Shack has engaged in similar conduct in the United States by threatening actual and prospective customers of FAS with patent litigation. FAS entered into an agreement to lease FAS Equipment to REV Energy Services, LLC ("REV Frac"). Frac Shack and its attorneys called REV Frac on May 20, 2020 and threatened to sue REV Energy Services for patent infringement if they leased FAS Equipment from FAS. As a result of this call, REV Frac decided not to lease FAS Equipment from FAS.

FAS therefore seeks a declaration that that the agreement authorizes FAS to sell or lease the FAS Equipment, and that such sales or leases exhaust Frac Shack's rights in the patents named in the Agreement, such that Frac Shack cannot sue any customers, lessees, or users of FAS Equipment. FAS further brings two breach of contract counts based on Frac Shack's suit of KVA.

   b.  Defendant:

Frac Shack denies that it has done anything that is prohibited by the confidential settlement agreement between it and Plaintiff. Frac Shack set out its position on several issues of the case in its Motion to Dismiss and subsequent pleadings. Frac Shack will be answering the Complaint to respond to Plaintiff's allegations.

## 4.  UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff FAS is a limited liability company organized and existing under the laws of Michigan with a principal office at 24501 Ecorse Road, Taylor, MI, 48180.

2. Defendant Frac Shack is a Canadian company organized and existing under the laws of Canada with a principal office at #136, 25901—114 Ave., Acheson, Alberta, T7X 6E2, Canada.

3. On July 13, 2019, the parties entered into a confidential, written settlement agreement.

4. On March 24, 2020, Frac Shack and its wholly owned subsidiary sued KVA in Canada for alleged patent infringement of Canadian Patent No. 2,693,567.

## 5.  COMPUTATION OF DAMAGES

FAS seeks a declaratory judgment regarding its rights in the settlement agreement. FAS further seeks monetary damages as a result of Frac Shack's breach in an amount to be determined at trial, including incidental and consequential damages. FAS will be seeking its costs and attorney's fees.

Frac Shack will be seeking its costs and attorney's fees in this action.

**6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)**

a. Date of Rule 26(f) meeting.

   The parties met and conferred on March 23, 2021.

b. Names of each participant and party he/she represented.

   Plaintiff Fuel Automation Station, LLC was represented at the conference by Alex Szypa. Defendant Frac Shack Inc. was represented at the conference by Jeffrey Parks.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

   Under the Federal Rules of Civil Procedure, Rule 26(a)(1) disclosures will be due at or within 14 days after the parties' Rule 26(f) conference. Therefore, Rule 26(a)(1) disclosures will be made on or before April 6, 2021.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

   None.

e. Statement concerning any agreements to conduct informal discovery:

   None.

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

- The parties agree to use a unified numbering system for deposition and trial exhibits.

- The parties agree that service of any document not filed with the Court will be by email to the counsel listed above shall constitute valid service under the Federal Rules of Civil Procedure.

- Properly filed documents need not be served on opposing counsel but are presumed to have been received through the electronic filing system.

- The parties agree that they will put in place a "litigation hold" under which all appropriate employees of each party will be told to maintain and safeguard all information – including email, development documents, and financial information -- concerning their fuel distributions systems.

g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

- The parties expect that their claims and defenses will involve ESI and other electronically stored records; however, the volume should not be extensive.

h.  Statement summarizing the parties' discussions regarding the possibilities for

promptly settling or resolving the case.

- Plaintiff is amenable to early discussions to resolve this litigation.

## 7. CONSENT

All parties have consented to the exercise of jurisdiction of a magistrate judge.

(Doc. 30)

## 8. DISCOVERY LIMITATIONS

a.  Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

　　None

b.  Limitations which any party proposes on the length of depositions.

　　None, other than per the rules

c.  Limitations which any party proposes on the number of requests for production and/or requests for admission. *[If the parties propose more than twenty-five (25) requests for production and/or requests for admission, at the scheduling conference they should be prepared to support that proposal by reference to the factors identified in Fed. R. Civ. P. 26(b)(2)(C).]*

Requests for production: 25

Requests for admission: 25, except to authenticate documents for trial, which will be unlimited.

d.      Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

Documents and/or Admissions:

30 days before the close of fact discovery

e.      Other Planning or Discovery Orders

None

## 9.  CASE PLAN AND SCHEDULE

f.      Deadline for Joinder of Parties and Amendment of Pleadings:

May 14, 2021 (45 days from the scheduling conference)

g.      Discovery Cut-off:

Fact: February 28, 2022 (previously 60 days from Order on Plaintiff's Motion for Partial Summary Judgment); Expert: March 21, 2022 (3 weeks from close of fact discovery)

h.      Dispositive Motion Deadline:

April 11, 2022 (3 weeks from the close of expert discovery)

i.      Expert Witness Disclosure

10

1.     The parties shall identify anticipated fields of expert
       testimony, if any.

       Damages and patent licensing (Plaintiff may object to the use of a

       patent licensing expert but reserves the right to call its own should

       one be allowed)

2.     Limitations which the parties propose on the use or number of expert

       witnesses.

       Two experts per side

3.     The parties shall designate all experts and provide opposing counsel and

       any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2)

       on or before the date two weeks before the close of fact discovery

       (February 14, 2022). *[This includes disclosure of information applicable*

       *to "Witnesses Who Must Provide a Written Report" under Rule*

       *26(a)(2)(B) and information applicable to "Witnesses Who Do Not*

       *Provide a Written Report" under Rule 26(a)(2)(C).]*

4.     The parties shall designate all rebuttal experts and provide opposing

       counsel and any pro se party with all information specified in Fed. R. Civ.

       P. 26(a)(2) on or before the date three weeks from the deadline to designate all

       experts and provide opposing counsel and any pro se parties with all

       information specified in Fed. R. Civ. P. 26(a)(2) (March 7, 2022. [This

       includes disclosure of information applicable to "Witnesses Who Must

       Provide a Written Report" under Rule 26(a)(2)(B) and information

       applicable to "Witnesses Who Do Not Provide a Written Report" under Rule

10

26(a)(2)(C).]

e.       Identification of Persons to Be Deposed:

Todd Van Vliet (1 day)

Frac Shack salesperson who made accused statements (1/2 day)

Mitch Winnick from REV (1/2 day)

One or more representatives of Plaintiff with relevant knowledge (1 day per witness)

## 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a.  Status conferences will be held in this case at the following dates and times:

_____.

b.  The final pretrial conference will be held in this case on **July 12, 2022 at 9:30 AM**.

A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.   OTHER SCHEDULING MATTERS

a.   Identify those discovery or scheduling issues, if any, on which counsel after a good

faith effort, were unable to reach an agreement.

None

b.   Anticipated length of trial and whether trial is to the court or jury.

Trial of five days assuming full trial days

c.   Identify pretrial proceedings, if any, that the parties believe may be more efficiently or

economically conducted in the District Court's facilities at 212 N. Wahsatch Street,

Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal

Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S.

Courthouse/Federal Building, , La Plata County Courthouse

1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

None.

## 12.   NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving

attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial

Procedures or Practice Standards established by the judicial officer presiding over the trial of this

case.

      With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

      Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.   AMENDMENTS TO SCHEDULING ORDER

      The scheduling order may be altered or amended only upon a showing of good cause.

DATED   12/15/2021  .

BY THE COURT:

 s/Scott T. Varholak  
United States Magistrate Judge

12