IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| FUEL AUTOMATION STATION, LLC, | |
| Plaintiff, | CASE NO.: 1:20-CV-01492-STV |
| V. | JURY TRIAL DEMANDED |
| FRAC SHACK INC., | |
| Defendant. | |

**MOTION TO RESTRICT DEFENDANT ENERGERA, INC'S
MOTION FOR SUMMARY JUDGMENT**

Pursuant to D.C.COLO.LCIVR 7.2, Defendant Energera, Inc. ("Energera") moves to maintain Level 1 restricted access to the unredacted version of Defendant Energera, Inc.'s Motion for Summary Judgment corresponding to the redacted version available as Exhibits A to this motion.

On August 2, 2021, the Court entered a Stipulated Protective Order ("Protective Order"). [Doc. 78]. Pursuant to it, any party desiring to file with the court any document marked Confidential or Highly Confidential must make a good faith attempt to do so in accordance with the court's practices for filing a document under seal. *See id.*

In support of its Motion for Summary Judgment ("Motion"), Energera intends to file as evidence documents produced by Plaintiff Fuel Automation Station, LLC ("FAS") or deposition testimony by its employees that Plaintiff asserted was considered Confidential or Highly Confidential under the Protective Order.

The Court requires a motion to restrict public access shall be open to public inspection and shall:

(1) identify the document or the proceeding for which restriction is sought;

(2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);

(3) identify a clearly defined and serious injury that would result if access is not restricted;

(4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and

(5) identify the level of restriction sought.

D.C.COLO.LCivR 7.2

## DOCUMENTS

**Exhibit A: Settlement Agreement**

The first document sought to be restricted is a confidential written settlement agreement dated July 19, 2019(Exhibit A to Motion). It was previously filed with the Court under seal and to which the Court restricted access. [Doc. 58]. The parties have an interest in preserving the confidentiality of their settlement agreement. See, e.g., *Early v. Aurora Corp. Plaza, LLC*, No. 16-cv-4174-DDC-KGG, 2017 U.S. Dist. LEXIS 127375, at *2 (D. Kan. Aug. 10, 2017) (recognizing that "the interest in preserving the result of confidential settlement negotiations outweighs the public interest in accessing the settlement agreement"). Moreover, allowing a confidential settlement agreement to become public would chill future settlement efforts. And allowing the public to see the Agreement would be further prejudicial to both parties from a business standpoint, as it could allow the parties' competitors and customers to gain access to sensitive and confidential competitor information. It is not possible to file an unredacted version of the Agreement, but the motion to which it is attached is being filed in a redacted version for public access. Accordingly, Defendant seeks to have Exhibit A of the restricted to Level 1 restriction.

**Exhibit C: Deposition Excerpt of Michael J. Evans**

Energera intends to proffer deposition testimony by Michael J. Evans, an employee of FAS. The deposition testimony relates to Mr. Evans testifying regarding a document produced by FAS that it marked as Highly Confidential pursuant to the Protective Order. FAS contends that the underlying document relates to sensitive and confidential business information that it does not want disclosed to the public. Energera has filed a redacted and unredacted version of Exhibit B, but seeks to have the unredacted version restricted to Level 1 restriction.

**Exhibit D: Deposition Excerpt of Clifton Dodge**

Energera intends to proffer deposition testimony by Clifton Dodge, an employee of FAS. At the deposition, FAS's counsel marked the entirety of the transcript as Highly Confidential. FAS that it marked as Highly Confidential pursuant to the Protective Order. FAS contends that the underlying document relates to sensitive and confidential business information that it does not want disclosed to the public. Because the entirety of the document has been marked Highly Confidential, it is not possible for Energera to file a redacted version. Accordingly, Energera seeks to have the filed version restricted to Level 1 restriction.

**Exhibit E: Deposition Excerpt of Michael D. Meredith**

Energera intends to proffer deposition testimony by Michael Meredith, an employee of FAS. At the deposition, FAS's counsel marked the entirety of the transcript as Highly Confidential. FAS that it marked as Highly Confidential pursuant to the Protective Order. FAS contends that the underlying document relates to sensitive and confidential business information that it does not want disclosed to the public. Because the entirety of the document has been marked Highly Confidential, it is not possible for Energera to file a redacted version. Accordingly, Energera seeks to have the filed version restricted to Level 1 restriction.

**Exhibit F: FAS Talking Points**

Energera intends to proffer Exhibit F, a document produced by FAS that it marked as Highly Confidential. FAS contends that the underlying document relates to sensitive and confidential business information that it does not want disclosed to the public. Because the entirety of the document has been marked Highly Confidential, it is not possible for Energera to file a redacted version. Accordingly, Energera seeks to have the filed version restricted to Level 1 restriction.

**Exhibit G: FAS Answers to Interrogatories**

Energera intends to proffer Exhibit G, excerpts of FAS's answers to interrogatories served in this litigation. FAS marked the answers as Confidential. FAS contends that the answers relate to sensitive and confidential business information that it does not want disclosed to the public. Because the entirety of the document has been marked Confidential, it is not possible for Energera to file a redacted version. Accordingly, Energera seeks to have the filed version restricted to Level 1 restriction.

Accordingly, Enegera respectfully requests an order from the Court restricting access to the unredacted copy of its Motion for Summary Judgment and Exhibits A, C-F to Level 1 restriction.

DATED: April 8, 2022.                    Respectfully submitted,


                                                */s/ Corby R. Vowell*
                                                Corby R. Vowell
                                                Jeffrey D. Parks
                                                FRIEDMAN, SUDER & COOKE
                                                604 East 4th Street, Suite 200
                                                Fort Worth, TX 76102
                                                817-334-0400
                                                Fax: 817-334-0401
                                                vowell@fsclaw.com
                                                parks@fsaclaw.com

                                                ATTORNEY FOR DEFENDANT
                                                ENERGERA INC.,

<u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on the 8th day of April, 2022, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Colorado, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.


                                                */s/ Corby R. Vowell*