IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| FUEL AUTOMATION STATION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ENERGERA, INC.<br><br>Defendant. | Case No.: 1:20-cv-01492-STV |

**CONSENT MOTION TO RESTRICT PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On July 13, 2019, Plaintiff Fuel Automation Station, LLC and Defendant Energera, Inc., entered into a confidential, written settlement agreement ("the Agreement"), in which the parties reached a complete settlement of two patent infringement lawsuits that had been pending in the United States District Courts for the District of Colorado and the Southern District of Texas. This matter involves an action for declaratory judgment and breach of that Agreement. Plaintiff seeks to have the Agreement, and references to it in its Response to Defendant's Motion for Summary Judgment, as well as interrogatory responses, labeled as Exhibit 3[1], restricted from public access.

According to D.C.COLO.LCivR 7.2,

A motion to restrict public access shall be open to public inspection and shall:

---

[1] Exhibit 3 refers to the Settlement Agreement and includes other confidential business information, and is marked confidential under the Protective Order.

1

> (1) identify the document or the proceeding for which restriction is sought;
> (2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);
> (3) identify a clearly defined and serious injury that would result if access is not restricted;
> (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and
> (5) identify the level of restriction sought.

The parties have an interest in preserving the confidentiality of their settlement agreement. See, e.g., *Early v. Aurora Corp. Plaza, LLC*, No. 16-cv-4174-DDC-KGG, 2017 U.S. Dist. LEXIS 127375, at *2 (D. Kan. Aug. 10, 2017) (recognizing that "the interest in preserving the result of confidential settlement negotiations outweighs the public interest in accessing the settlement agreement"). Moreover, allowing a confidential settlement agreement to become public would chill future settlement efforts. And allowing the public to see the Agreement would be further prejudicial to both parties from a business standpoint, as it could allow the parties' competitors and customers to gain access to sensitive and confidential competitor information.

Regarding alternatives to restriction, Plaintiff has filed a redacted version of the Response and Separate Statement of Facts for public access. But, Plaintiff seeks to have Exhibit 3 of the Response restricted and the unredacted version of the Response and Separate Statement of Facts restricted to Level 1 restriction.

Respectfully Submitted,

Dated: May 2, 2022

/s/ Steven Susser
Steven Susser
Alex Szypa
CARLSON, GASKEY & OLDS, PC
400 W. Maple Rd., Suite 350
Birmingham, MI 48009
Telephone: (248) 988-8360
Facsimile: (248) 988-8363
ssusser@cgolaw.com
aszypa@cgolaw.com

## CERTIFICATE OF SERVICE

  I hereby certify that on May 2, 2022, I electronically filed a Motion to Restrict Plaintiff's Response to Defendant's Motion for Summary Judgment with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.


Dated: May 2, 2022          /s/ Steven Susser
                  Steven Susser
                  Alex Szypa
                  CARLSON, GASKEY & OLDS, PC
                  400 W. Maple Rd., Suite 350
                  Birmingham, MI 48009
                  Telephone: (248) 988-8360
                  Facsimile: (248) 988-8363
                  ssusser@cgolaw.com
                  aszypa@cgolaw.com