# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| FUEL AUTOMATION STATION, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ENERGERA, INC.<br><br>    Defendant. | Case No.: 1:20-cv-01492-STV |

## FINAL PRETRIAL ORDER

### 1.  DATE AND APPEARANCES

The Pretrial Conference is scheduled for July 12, 2022. Steven Susser will appear on behalf of Plaintiff, Fuel Automation Station, LLC ("FAS"). Jeffrey D. Parks will appear on behalf of Energera, Inc. (f/k/a Frac Shack). Counsel for the parties conferred by telephone regarding the contents of this proposed order on June 28, 2022.

### 2. JURISDICTION

Plaintiff's Position: Jurisdiction is proper in this Court, pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 exclusive of interest or costs and Plaintiff's member resides in the state of Michigan, and Defendant is a Canadian entity, resides in Canada, and has its principal place of business in Canada. FAS and Energera agreed in the underlying settlement agreement forming the basis for this claim, discussed below, that the United States District Court for the District of Colorado shall have exclusive jurisdiction over any action to enforce, modify, or invoke

1

the agreement. The parties agreed to attempt to bring any dispute over the settlement agreement before Judge Varholak.

Defendant's Position: Energera moved to dismiss this action based on subject matter jurisdiction at the pleading stage [Doc. 14]. The Court denied Defendant's Motion to Dismiss.

### 3. CLAIMS AND DEFENSES

Plaintiff's Summary:

Plaintiff Fuel Automation Station, LLC ("FAS") and Defendant Energera Inc. entered into a settlement agreement under which Energera promised that it would not engage FAS in a Canadian patent infringement proceeding. Since that time, Energera has indisputably engaged FAS in two separate Canadian patent infringement proceedings. FAS seeks a ruling as to this liability and a procedure for FAS to get damages for the breach.

The critical remaining issue in this case is whether the covenant not to sue includes Energera's Canadian patent. FAS's position is that it does because "Frac Shack Patent Rights" can only be read to include the Canadian Patent. The Settlement Agreement states that ""Frac Shack Patent Rights" shall mean collectively, the '662 patent; the '906 patent; the '340 application and any patent issued from the '340 application; any patent resulting from a continuation, continuation-in-part, or divisional related through priority claims to the '662 patent, the '906 patent, or the '340 application; *and any foreign patent related through priority claims to the '662 patent, the '906 patent, or the '340 application*." (emphasis added). The '662 patent, the '906 patent, and the '340 application all claim priority to the '567 Canadian patent. Therefore, the Canadian patent is related to the '662 patent, the '906 patent, and the '340 application through

2

priority claims.

Energera filed a lawsuit in Canada against KVA Fuel Services Ltd. ("KVA") for infringement of the Canadian '567 Patent. ("KVA Lawsuit") based on KVA's operation of a Fuel Automation Station in Canada. FAS and KVA operated under a Master Services Agreement in which KVA was acting as a subcontractor on FAS's behalf running Fuel Automation Station units for FAS's customer, Ovintiv. In response to Energera's motion for default judgment in the KVA lawsuit for determination that the use and operation of the Fuel Automation Station infringe Energera's Canadian Patent No. 2,693,567, FAS and its affiliates moved to intervene in the KVA lawsuit.

On September 9, 2020, Energera filed a Canadian lawsuit against FAS Canada for infringement of the Canadian '567 Patent ("FAS Canada Lawsuit") based on FAS Canada's operation of a Fuel Automation Station in Canada. FAS and FAS Canada incurred legal fees as a result of both the KVA lawsuit and the FAS Canada lawsuit. FAS seeks to recover those fees. Further, the Settlement Agreement provides for attorney fees for the prevailing party in a dispute over the Agreement, which FAS also seeks.

In addition, under the Doctrine of Exhaustion, any sale or lease of an automated fuel unit by FAS and/or Atlas Oil protects any subsequent purchaser or lessee from a patent infringement lawsuit by Frac Shack. Specifically, Frac Shack does not have any basis under the Settlement Agreement and the Doctrine of Exhaustion for asserting patent infringement against any purchaser or lessee of an automated fuel delivery unit sold or leased by FAS and/or Atlas Oil Co.

Defendant's Summary:

Based on the Court's prior rulings, the primary issues remaining are whether the

parties intended for the Agreement to release the '567 Patent, if defendant breached the Agreement, and the amount of, if any, damages Plaintiff is entitled to for its breach of contract claims.

The Settlement Agreement resolved two different patent infringement lawsuits related to infringement of 'the 662 patent and the '906 patent. The '567 patent was never litigated in those lawsuits. Each party gave the other a covenant not to sue with respect to specified patents. Energera provided a limited covenant not to sue as to its '662 Patent, '906 Patent Defendant and a third Energera patent, "the '340 application. ("Covenant"). The Covenant contains 'catch-all language', regarding unnamed patents related through priority claims to the '662 & '906 Patents and '340 Patent Application, which was intended to address future, not-yet-issued patents that the parties could not identify at the time of executing the Settlement Agreement. The parties did not negotiate a release that encompassed the '567 Patent since it was not litigated, Plaintiff did not operate in Canada, and Energera had no reasonable basis to believe Plaintiff intended to operate in Canada. Plaintiff's post-execution statements regarding the scope of the Settlement Agreement demonstrate that it only intended for the Settlement Agreement to cover U.S.A. operations, not foreign operations, including Canadian operations that would be covered by the '567 Patent.

Energera denies that it breached the Settlement Agreement by filing suit against a third-party in Canada and filing (and dismissing) a Canadian lawsuit against Plaintiff, prior to its appearance. Energera seeks a finding by the Court or jury that the Settlement Agreement does not encompass the '567 Patent and, therefore, Energera has not breached it. Energera seeks its attorney's fees and costs for defending against these breach of contract and declaratory relief claims.

Alternatively, to the extent that Energera is held to have breached the Settlement Agreement, Plaintiff cannot put forward legally sufficient evidence to demonstrate any damages in the form of attorney's fees incurred in separate litigations. It has not put forward any evidence that such fees incurred were reasonable nor necessary in light of this pending litigation. Plaintiff has not designated an expert on its damages and its fact witnesses do not have sufficient personal knowledge to opine on such alleged damages.

Moreover, Energera has needlessly had to defend against claims for lost profits that FAS abandoned without explanation. To that extent, Energera is a prevailing party in successfully defending against baseless allegations that it interfered with FAS's customers to cause damages.

### 4. STIPULATIONS

**The Parties agree to the following stipulations concerning law:**

(1)  The Parties' written settlement Agreement dated July 13, 2019 ("Agreement") is governed by and interpreted in accordance with the laws of the State of Colorado.

**The Parties agree to the following stipulations concerning facts:**

(1)  The parties previously engaged in two patent infringement lawsuits regarding Energera U.S. patents resolved by way of the Agreement.

(2)  On February 16, 2010, Energera filed a Canadian patent application which resulted in it being granted Canadian patent, CA 2,693,567 ("the '567 patent").

(3)  On February 16, 2011, Energera filed a patent application that resulted in the issuance of U.S. patent, 9,346,662 ("'662 Patent").

(4)  On May 2, 2016, Energera filed an application that resulted in the issuance

5

of US Patent 10,029,906 ("'906 Patent").

(5)     On June 4, 2018, Energera filed United States patent application number US 15/997,340. ("'340 Patent Application").

(6)     The '662 Patent, '906 Patent, and '340 Patent Application claim priority to the '567 patent.

(7)     The Canadian '567 Patent was not litigated in the prior U.S. lawsuits between the parties.

(8)     The '567 Patent does not claim priority to any other patent.

(9)     Todd Van Vliet signed the Agreement on behalf of Energera.

(10)    Each party granted the other a covenant not to sue in the Agreement.

(11)    The Agreement includes a covenant not to sue that states "Frac Shack covenants not to sue Atlas, or otherwise engage Atlas in any domestic or foreign legal or administrative proceeding, for or based on infringement of any of the Frac Shack Patent Rights. This Covenant applies to Atlas, its parent entities, predecessors, subsidiaries, affiliates, and their respective members, partners, shareholders, officers, directors, employees, successors, subsidiaries, affiliates, and assigns."

(12)    The Agreement states that "Frac Shack Patent Rights" shall mean collectively, the '662 patent; the '906 patent; the '340 application and any patent issued from the '340 application; any patent resulting from a continuation, continuation-in-part, or divisional related through priority claims to the '662 patent, the '906 patent, or the '340 application; and any foreign patent related through priority claims to the '662 patent, the '906 patent, or the '340 application.

(13)    The "Agreed Upon Press Release" portion of the Settlement Agreement did not include a geographic restriction as to where the parties were expressly permitted

to manufacture, sell, lease, and license their respective mobile automated fuel distribution units.

(14) On March 24, 2020, Energera filed a lawsuit in Canada against KVA Fuel Services Ltd. ("KVA") for infringement of the Canadian '567 Patent. ("KVA Lawsuit") based on KVA's operation of a Fuel Automation Station in Canada.

(15) On May 26, 2020, FAS filed this Lawsuit alleging that KVA was a downstream user of its equipment and protected by the Agreement.

(16) FAS incorporated a related Canadian entity, FAS Canada.

(17) On September 9, 2020, Energera filed a Canadian lawsuit against FAS Canada for infringement of the Canadian '567 Patent ("FAS Canada Lawsuit") based on FAS Canada's operation of a Fuel Automation Station in Canada.

(18) The Agreement requires a notice of Energera's covenant not to sue be filed with the United States Patent and Trademark Office as to the '662 patent; the '906 patent; the '340 application.

**The parties agree to the following stipulations of evidence:**

(1) FAS will not call Samer Abughazaleh or Mitch Winnick as witnesses at trial.

### 5. PENDING MOTIONS

The parties filed cross motions for summary judgment on April 11, 2022. All briefing ordered by the Court has been completed. Plaintiff filed a Response on May 2, 2022. Defendant filed a Response and Reply on May 16, 2022. Plaintiff filed a Reply on May 31, 2022. Defendant filed a Sur-reply on June 17, 2022.

## 6. WITNESSES

Plaintiff's Nonexpert Witnesses who will be present at trial:

- Michael Evans (in person) - Structure, organization, and operations of FAS; harm to FAS from Energera's conduct; intent and understanding of settlement agreement with Energera; attorney fees incurred
- Todd Van Vliet (in person)
- Joshua Wyde (in person; alternatively, de benne esse deposition) – negotiation and content of the settlement agreement between FAS and Energera

Defendant's Nonexpert Witnesses who will be present at trial:

- Todd Van Vliet, Defendant's CEO

Plaintiff's Nonexpert Witnesses who may be present at trial if the need arises:

- Clifton Dodge (in person)- Harm to FAS from Energera's conduct
- Michael Meredith (in person)- Harm to FAS from Energera's conduct

Expert witnesses to be called by each party:

- None, except for the respective parties' counsel to testify about recovery of attorney's fees in this lawsuit. Defendant opposes any testimony by any attorney regarding attorney's fees incurred in separate litigation.

## 7. EXHIBITS

(1) Plaintiff(s):

| EXHIBIT NAME | BATES NUMBER OR DOCUMENT ID NUMBER | DEPOSITION EXHIBIT NUMBER |
|---|---|---|
| Notice of Deposition | | 30(b)(6), Van Vliet, Exhibit 1 |
| Confidential Settlement Agreement | FS-FAS-000225-000240 | 30(b)(6), Van Vliet, Exhibit 2 |
| Letter to Spencer Wilkinson, Jr. (Creek | FS-FAS-000004-000005 | 30(b)(6), Van Vliet, Exhibit 3 |

| | | |
|---|---|---|
| Oilfield Services) from Corby R. Vowell, Esq. | | |
| Letter to Hardy Murchison (Encino Energy) from Corby R. Vowell, Esq. | FS-FAS-000006-000007 | 30(b)(6), Van Vliet, Exhibit 4 |
| Letter to Steve Stuck (Jacobs Petroleum) from Corby R. Vowell, Esq. | FS-FAS-000008-000009 | 30(b)(6), Van Vliet, Exhibit 5 |
| Letter to Kent Kirkhammer (NewKota Services & Rentals) from Corby R. Vowell, Esq. | FS-FAS-000010-000011 | 30(b)(6), Van Vliet, Exhibit 6 |
| Statement of Claim Court File: T-415-20 Federal Court, Toronto, Ontario Canada | FS-FAS-000330-000370 | 30(b)(6), Van Vliet, Exhibit 7 |
| Letter from Peter W. Choe (Gowling WLG, Canada LLP) To Christopher J. Kvas dated October 16, 2020 | FS-FAS-000283-000300 | 30(b)(6), Van Vliet, Exhibit 8 |
| Consent and Consent Judgment Court File: T-415-20 Federal Court, Toronto, Ontario Canada | | 30(b)(6), Van Vliet, Exhibit 9 |
| Notice of Motion – Motion for Leave to Intervene/Joinder Court File: T-415-20 Federal Court, Toronto, Ontario Canada | | 30(b)(6), Van Vliet, Exhibit 10 |
| Email exchanges | FS-FAS-000868-000872 | 30(b)(6), Van Vliet, Exhibit 13 |
| Statement of Claim Court File: T-1053-20 Federal Court, Toronto, Ontario Canada | FS-FAS-000602-000638 | 30(b)(6), Van Vliet, Exhibit 14 |
| Letter from Peter W. Choe (Gowling WLG, Canada LLP) To Christopher J. Kvas dated September 25, 2020 | FS-FAS-000323-000325 | 30(b)(6), Van Vliet, Exhibit 15 |
| Email exchanges | FS-FAS-00153-001154 | 30(b)(6), Van Vliet, Exhibit 16 |
| Email re Frac Shack - Settlement Agreement | FS-FAS-000763-00793 | 30(b)(6), Van Vliet, Exhibit 17 |
| US Patent 9,346,662 B2 | | 30(b)(6), Van Vliet, Exhibit |

9

|  |  |  |
|---|---|---|
|  |  | 18 |
| Canadian Patent 2,693,567 |  | 30(b)(6), Van Vliet, Exhibit 19 |
| Declaration of Peter Choe and exhibits | Document 100-13 (Plaintiff's Motion for Partial Summary Judgment Case No: 1:20-cv-01492-STV) |  |
| Master Services Agreement | FAS0001571-0001589 |  |
| Oxford Dictionary (re: Priority) | Document 100-15 (Plaintiff's Motion for Partial Summary Judgment Case No: 1:20-cv-01492-STV) |  |
| WIPO – Topic 3: Patent Families | Document 100-16 (Plaintiff's Motion for Partial Summary Judgment Case No: 1:20-cv-01492-STV) |  |
| Email Exchanges | FS-FAS-000868-000872 |  |
| Metadata screen shot of FAS Talking Points v.3 SS – Word | Document 110-3 (Plaintiff's Response to Defendant's Motion for Summary Judgment Case No: 1:20-cv-01492-STV) |  |
| Plaintiff's Supplemental Responses to Defendant's First Set of Interrogatories (Nos. 1-6) | Document 110-4 (Plaintiff's Response to Defendant's Motion for Summary Judgment Case No: 1:20-cv-01492-STV) |  |
| US Patent 8,584,802 B2 | Document 110-6 (Plaintiff's Response to Defendant's Motion for Summary Judgment Case No: 1:20-cv-01492- |  |

| | | |
|---|---|---|
| | STV) | |
| Canadian Patent Application 2,669,556 | Document 110-7 (Plaintiff's Response to Defendant's Motion for Summary Judgment Case No: 1:20-cv-01492-STV) | |
| Letter from John Ortoleva (Simon Group Holdings) to Mr. Van Alstyne (KVA Fuel Services, Ltd.) dated January 22, 2019 | Document 110-8 (Plaintiff's Response to Defendant's Motion for Summary Judgment Case No: 1:20-cv-01492-STV) | |
| US Patent 10,029,906 B2 | Document 118-2 (Plaintiff's Reply in Support of Its Motion for Summary Judgment - Case No: 1:20-cv-01492-STV) | |
| US Patent Application Publication No: 2019/0106316 A1 | Document 118-3 | |
| Email exchange | Document 120-4; FS-FAS000882-883 | |
| Email exchanges (Ex. 8 Restricted of Plaintiff's Reply in Support of Its Motion for Summary Judgment) | Document 122 (Plaintiff's Reply in Support of Its Motion for Summary Judgment - Case No: 1:20-cv-01492-STV) | |
| CA 2,789,386 Patent | | |
| AU2016210777 Patent | | |
| AU2017254826 Patent | | |
| AU2019202855A1 Patent Application | | |
| Invoices | FAS0001477-1570 | |
| Updated Invoices at Time of Trial | | |

(2) Defendant

| Exhibit | Brief Description |
|---|---|
| | 07/13/19 Confidential Settlement Agreement between Frac Shack, Inc., Atlas Oil Company and Fuel Automation Station, |

11

| Exhibit | Brief Description |
|---|---|
| | LLC<br>FS-FAS-000225 to FS-FAS-000240 |
| | 04/08/20 email from Michael Evans to Kelly Van Alstyne<br>FAS0001435 to FAS0001440<br>Evans Deposition Exhibit 4 |
| | 07/16/21 email from Clifton Dodge to Mike DeVoe et al<br>FAS0001237 to FAS0001241<br>Dodge Deposition Exhibit 5 |
| | 6/3/2020 email from Michael Evans to Kelly Van Alystne<br>FAS FAS0001427<br>Evans Deposition Exhibit 7 |
| | FAS Talking Points<br>FAS0001428<br>Highly Confidential – Attorney Eyes Only<br>MSJ Briefing<br>Evans Deposition Exhibit 8 |

Copies of listed exhibits must be provided to opposing counsel and any *pro se* party no later than 30 days before trial.  The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than 14 days after the exhibits are provided.

## 8.  DISCOVERY

Discovery has been completed.

## 9.  SPECIAL ISSUES

Plaintiff:

As the concept of priority might be complicated for a jury to understand, FAS would be open to having the Court and/or parties present the priority issue before a

12

Special Master with patent expertise, selected by the Court, to determine this issue in the event that the Court does not resolve it on the pending cross motions for summary judgment.

If Energera does not make its former counsel, Joshua Wyde, available at trial, FAS intends to take the de bene esse deposition of Joshua Wyde on two emails between Wyde and Susser.

Defendant:

Construction of the parties' Settlement Agreement pursuant to dueling summary judgment issues, will determine the scope of issues, if any, that need to be submitted to the jury.

Whether FAS's identified trial witnesses can testify as to attorney's fees incurred in separate lawsuits.

Energera opposes the appointment of a Special Master to decide any issues in lieu of a jury.

Joshua Wyde is former outside counsel for Defendant and not subject to its control to make him available at trial. Defendant is also concerned whether any testimony by Mr. Wyde, including by implication his discussions with his client, implicates Defendant's attorney-client privilege and requires it to assert such privilege in the presence of the jury to defend against Plaintiff's claim. To the extent that Defendant waived such privilege, Defendant would need the Court to determine the scope of such waiver and whether it applied to anything beyond negotiation of the Agreement. Defendant opposes any request to conduct discovery, including Mr. Wyde's deposition, after the close for discovery. Mr. Wyde was known to Plaintiff during discovery and it elected to not subpoena him for a deposition.

### 10.  SETTLEMENT

The parties previously conducted mediation with Richard D. Egan, Esq., on May 25, 2021 via a remote Zoom conference. Counsel for the parties conferred again by telephone on June 29, 2022, to discuss in good faith the settlement of the case. It appears from the discussion by all counsel that there is little possibility of settlement.

Counsel for the parties and any *pro se* party considered ADR in accordance with D.C.COLO.LCivR.16.6.

### 11.  OFFER OF JUDGMENT

Counsel and any *pro se* party acknowledge familiarity with the provision of Rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure. Counsel have discussed it with the clients against whom claims are made in this case.

### 12.  EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice.  The pleadings will be deemed merged herein.  This Final Pretrial Order supersedes the Scheduling Order.  In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

### 13.  TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

The trial will be to a jury for an estimated three (3) full days at Alfred A. Arraj United States Courthouse A432 / Courtroom A402, Denver Colorado. This estimate is contingent on the Court's rulings on the pending motions for summary

judgment.

DATED this ___12th___ day of ___July___, 2022.

BY THE COURT

_____
United States Magistrate Judge

APPROVED:

/s/ Steven Susser
Steven Susser
Alex Szypa
CARLSON, GASKEY & OLDS, PC
400 W. Maple Rd., Suite 350
Birmingham, MI 48009
(248) 988-8360
ssusser@cgolaw.com
aszypa@cgolaw.com
*Attorneys for Plaintiff*

/s/Jeff Parks
Corby R. Vowell
Jeffrey D. Parks
Friedman, Suder & Cooke
604 East Fourth Street, Suite 200
Fort Worth, Texas 76102
(817) 334-0400
vowell@fsclaw.com
parks@fsclaw.com
*Attorneys for Defendant*